[No. 2547-1.    Division One.    February 3, 1975.]

EDWARD MURRAY, *Appellant,* v. BANK OF CALIFORNIA *Respondent.*

*Edward C. Eisert,* for appellant.

*Bogle & Gates* and *Paul W. Steere,* for respondent.

FARRIS, J.—Edward Murray appeals from an adverse judgment in his action against the Bank of California. We affirm.

Murray sold a 1959 Dodge logging truck to a third party in August 1965. Sometime thereafter Murray discounted the contract with recourse to the Bank of California which was at that time handling other commercial paper for him. As a part of the transaction, the bank, at its request, was given a title certificate to the truck showing the third party as registered owner and the bank as legal owner. The third party defaulted on the note. In April 1968, Murray paid the bank the full amount of the account and received from the bank the note stamped "paid," the insurance policy and certificate of title. The bank closed its file on the matter after mailing the items to Murray who denies that the bank did so by agreement, but acknowledges that he knew in advance that the bank would hold the

documents for him to pick up. They were mailed to him when he failed to call for them.

Murray undertook collection efforts against the third party which apparently continued until the latter's death approximately 2 years later. During this period, $550 was paid on the note.

On November 17, 1970, the bank received a document entitled "Notice of Custody and Sale" issued under the abandoned vehicle statute which advised that the truck was to be sold. The bank did not notify Murray of its receipt of the document but instead placed it in its closed file on the transaction. Upon these facts, Murray seeks to recover from the bank the sum of $2,869.71, which he alleges was due and owing on the note from the third party.

He argues the existence of a duty on the part of the bank to record the satisfied note and mail the certificate of title to the Department of Motor Vehicles, relying upon RCW 46.12.170, which provides in part:

> Whenever there is no outstanding secured obligation and no commitment to make advances and incur obligations or otherwise give value, the secured party must assign the certificate of ownership to the debtor or the debtor's assignee and transmit the certificate to the department with an accompanying fee of one dollar. The department shall then issue a new certificate of ownership and transmit it to the owner. If the affected secured party fails to either assign or transmit the certificate of ownership to the debtor within ten days after proper demand, he shall be liable to the debtor for one hundred dollars, and in addition for any loss caused to the debtor by such failure.

He contends that the bank's failure to comply with the statute was a breach of its duty to him, which caused him not to be the legal owner of record and therefore he was not notified of the impending sale of the vehicle following its abandonment. Further, Murray relies upon Restatement of Security § 132 (1941), which defines the obligations of a secured creditor to his principal regarding the secured property.

██  RCW 46.12.170 does not define the bank's responsibility with respect to the proper handling of the title certificate under the facts in issue. Following Murray's payment to the bank of the amount owing as a result of the default on the discounted note, the third party who was buying the vehicle still owed Murray part of the purchase price and Murray retained a security interest to protect the obligation. RCW 46.12.170 does not define the duty of the satisfied creditor to a third party to whom an outstanding secured obligation is owed at the conclusion of the transaction which necessitates the transfer of title.

RCW 46.12.101(4) is controlling under those facts. It provides:

> If a security interest is reserved or created at the time of the transfer, the certificate of ownership shall be retained by or delivered to the person who becomes the secured party, and the parties shall comply with the provisions of RCW 46.12.170.

The bank therefore discharged its duty when it delivered the certificate of title to Murray.

Murray has attempted to establish liability by analogy to the laws of commercial paper, suretyship, securities and equity. The arguments, however, share a common flaw; they presume the bank violated a statutory duty in not transmitting the title to the Department of Motor Vehicles. Restatement of Security § 132 (1941), for example, cannot be the basis of a successful action against the bank since the bank did not surrender or release the security, willfully or negligently harm it, or fail to take reasonable action to preserve its value. Likewise, the bank did not breach its duty to use reasonable diligence in collecting commercial paper for its client because it did everything it was required to do in handling the certificate when it transmitted it to Murray. We cannot find upon the record before us that the bank had any duty to Murray which it failed to discharge.

Affirmed.

CALLOW and ANDERSEN, JJ., concur.